FEDERICO FESTA vs. EVELYN P. PIEMONTE. May 3, 1965. Order dismissing report affirmed. The plaintiff, seventy-eight years of age at the time of the accident which is the basis of this action, was a tenant at will in the defendant's premises. He went to the roof of the five story tenement to adjust the television antenna and as he closed the door leading from the roof to the stairway he attempted to secure a hook on the door, whereupon he fell down the stairs and sustained personal injuries. The sole issue is whether the trial judge erred in denying a request of the plaintiff to the effect that G. L. c. 143, §§ 21 and 51 (providing for proper means of egress from a tenement on the occasion of a fire), provided a basis for recovery. The Appellate Division properly dismissed a report on the ground that an inspector for the city of Boston had certified that there was no violation of c. 143 and that such certification of compliance precludes recovery on the basis of the statute. *Perry* v. *Bangs,* 161 Mass. 35, 39. The Appellate Division further gave appropriate indication that none of the benefits of G. L. c. 143, §§ 21 and 51, is "available to persons using stairways and egresses for purposes other than escape from danger from fire." *Landers* v. *Brooks,* 258 Mass. 1, 3. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 348.

*James H. Donovan* for the plaintiff.
*John T. Donahue* for the defendant.

JAMES J. CALLAHAN, JR., administrator, vs. LONGWOOD HOSPITAL, INC. June 3, 1965. Exceptions overruled. The plaintiff's wife, the intestate, suffered and died from the transfusion of incompatible blood at the defendant private hospital following surgery performed there. On the evidence the jury could find that the transfusion of incompatible blood is attended by grave danger to the patient, that the cross matching of the donated blood with the patient's blood to determine compatibility is an essential preliminary step to a transfusion, that there was a failure by the defendant's employees to cross match the intestate's blood with the donated blood, and that this failure constituted negligence. There was no error in denying the defendant's motion for a directed verdict.

*John F. Dunn* for the defendant.
*Joseph J. Hurley* (*Thomas E. Cargill, Jr.,* with him) for the plaintiff.