G & B ASSOCIATES, INC. *vs*. CITY OF SPRINGFIELD.

No. 94-P-1428.

Hampden. March 8, 1995. - August 4, 1995.

Present: SMITH, PORADA, & IRELAND, JJ.

*Massachusetts Tort Claims Act. Notice*, Claim under Massachusetts Tort Claims Act. *Practice, Civil*, Presentment of claim under Massachusetts Tort Claims Act. *Municipal Corporations*, Liability for tort.

In a civil action, the defendant municipality knew or should have known, upon receipt of the complaint, that the plaintiff's presentment under G. L. 258, § 4, was defective with respect to its claim for negligent misrepresentation in the purchase and sale of certain real property; where the city did not in its answer deny that claim "specifically and with particularity" as required by Mass. R. Civ. P. 9 (c), the judge incorrectly dismissed that claim on the basis of defective presentment; where there was sufficient evidence to warrant submitting the claim to a jury, the matter was remanded for a new trial. [54-56]

CIVIL ACTION commenced in the Hampden Division of the Housing Court Department on October 31, 1990.

The case was heard by *William H. Abrashkin*, J.

*Gary E. Mastin* for the plaintiff.

*John T. Liebel* for the defendant.

SMITH, J. G & B Associates, Inc. (G & B), brought a complaint in the Housing Court, Hampden Division, against the city of Springfield (city), seeking monetary damages. At the trial, the judge ruled that G & B had not complied with the statutory requirement of presentment of its claim under G. L. c. 258, § 4,[1] and the city had not waived the issue of

---

[1]General Laws c. 258, § 4, as inserted by St. 1978, c. 512, § 15, states in relevant part:

"A civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer

defective presentment. The judge ordered judgment to enter in favor of the city, and G & B has appealed from the judge's action.

The facts underlying the controversy are not in dispute. G & B's action against the city arose out of G & B's purchase of a parcel of land from the city at a tax title auction. Shortly after the purchase, on or about October 23, 1989, G & B served a letter on the city, demanding rescission of the transaction. The letter stated, among other things, that G & B had purchased the parcel from the city "with the understanding that a single or two-family home could be constructed on the parcel" but that G & B recently learned that the parcel had formerly been used as a "dump" and that for all practical purposes the parcel could not have any structure built upon it. The letter alleged that this information was known by city officials but not disclosed prior to the sale and that had G & B known the true facts concerning the condition of the property it would not have purchased the parcel.

The city denied G & B's claim, and G & B filed a complaint seeking recission of the transaction and monetary damages.[2] G & B's complaint contained the following paragraph:

> "15. On or about October 23, 1989, [G & B], by its attorney, timely gave written notice to [the city] of its

----

within two years after the date upon which the cause of action arose. . . ."

[2]The complaint contained four counts. The first three counts were as follows: Count I (breach of contract/warranty); Count II (negligence in failing to disclose adverse information about the parcel); Count III (mutual mistake). Count IV was titled "Misrepresentation/Deceit." General Laws c. 258, § 10(c), as inserted by St. 1978, c. 512, § 15, states that G. L. c. 258 shall not apply to "any claim arising out of an intentional tort, including . . . misrepresentation, deceit . . . ." It is obvious, however, that the title to Count IV is a mistake because the contents of that count spell out a claim for negligent misrepresentation. It follows that G. L. c. 258, § 10(c), does not apply to Count IV, and the parties have not argued otherwise.

claim and demand for relief. A copy of the letter is annexed hereto as Exhibit 'C'."

Paragraph 15 was incorporated by reference in all the counts including Count IV.

The city's answer to paragraph 15 of the complaint merely acknowledged that it had received G & B's letter. The city did not claim that G & B's letter constituted a defective presentment.

In April, 1992, more than two years after the date on which the cause of action arose, the city moved to amend its answer to add four affirmative defenses, all alleging that G & B's presentment was defective. The judge, who also later presided at the trial, denied the motion on the ground it was not timely made, citing *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51 (1982), in support of his ruling.

The matter was tried before a jury in the Housing Court. It was G & B's theory at trial that the city had misrepresented the condition of the parcel as "being ready to go," "ready to build on," when the city knew that the land had been used as a dump and would not be acceptable for building upon without expensive repairs. At the close of G & B's case against the city, the judge allowed the city's motion for a directed verdict on Count I and denied it in regard to the other counts. At the close of all the evidence, the city renewed its motion for a directed verdict as to the remaining counts. The judge allowed the city's motion in regard to Counts II and III.[3]

On Count IV the judge ruled that G & B had presented sufficient evidence of negligent misrepresentation to withstand the city's motion for a directed verdict. The city argued, however, that G & B had not made a claim of negli-

---

[3]G & B also claims on appeal that the judge committed error in allowing the city's motion for a directed verdict on Count III. That count sought rescission of the purchase on the ground of mutual mistake. See *Covich* v. *Chambers*, 8 Mass. App. Ct. 740, 749-751 (1979). We have examined the record and rule that there was insufficient evidence submitted by G & B on the issue of mutual mistake. It follows that the allowance of the motion for a directed verdict on Count III was proper.

gent misrepresentation in its October 23, 1989, presentment letter to the city, and, therefore, Count IV should be dismissed. G & B argued, in response, that it had not made a defective presentment, but, if it had, the city had waived the issue. The judge ruled that, because G & B's letter did not make any mention of a claim of negligent misrepresentation, the city could not have waived the issue of defective presentment of that claim. The judge further ruled that, while the city had indeed waived any right to object to defects in the presentment that was actually made and pleaded, it had not waived defective presentment as to the claim of negligent misrepresentation because that claim had not been presented to the city in G & B's letter. The judge, therefore, dismissed Count IV and, as a result, ordered judgment to enter in favor of the city.

It is clear that, before instituting a civil action in tort against a public employer, a claimant must present the claim in writing to the executive officer of the public employer. See G. L. c. 258, § 4. Thus, "[p]resentment is . . . a statutory condition precedent to recovery under G. L. c. 258." *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 55. If the claimant fails to make any presentment of his or her claim prior to bringing an action against the public employer, "the plaintiff's complaint is subject to dismissal on a motion made under Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted." *Id.* at 56. "Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 283 (1985).

"[A] presentment letter should be precise in identifying the legal basis of a plaintiff's claim . . . ." *Gilmore* v. *Commonwealth*, 417 Mass. 718, 723 (1994) (presentment letters "were not so obscure that educated public officials should find themselves baffled or misled with respect to [claimant's]

assertion of a claim for negligent infliction of emotional distress . . . "). Here, G & B's presentment letter spelled out a claim for negligent nondisclosure by the city. In contrast, Count IV alleged negligent misrepresentation. We agree with the judge that G & B's letter did not present a claim for negligent misrepresentation.

Our inquiry, however, does not stop here. "In order to test the efficacy of an attempted presentment, a plaintiff . . . may aver generally that all statutory conditions precedent to recovery have been met; the defendant must deny the plaintiff's averment 'specifically and with particularity' (Mass.R.Civ.P. 9 [c]), or defective presentment is not an issue in the case." *Vasys* v. *Metropolitan Dist. Commn., supra* at 52.

Here, G & B stated in paragraph 15 of its complaint that "[o]n or about October 23, 1989, [G & B], by its attorney, timely gave written notice to [the city] of its claim and demand for relief." In addition, a copy of the claim letter was affixed to the complaint. Although the language in paragraph 15 did not "aver generally that all statutory conditions precedent to recovery have been met," *Vasys* v. *Metropolitan District Commn., supra,* it was sufficient to "test the efficacy" of the presentment. Significantly, paragraph 15 was incorporated in Count IV by reference.

Once it read Count IV, the city knew or should have known that G & B had made a defective presentment in that negligent misrepresentation had not been included as a claim in the presentment letter although such a claim was made in the complaint. The city, therefore, was required to deny paragraph 15 "specifically and with particularity" or it would be barred from raising the issue of defective presentment. *Vasys* v. *Metropolitan Dist. Commn., supra* at 52. Instead of raising the issue in its answer to paragraph 15, the city merely acknowledged receiving the presentment letter and did not assert that G & B had made a defective presentment. The judge committed error in allowing the city to raise the issue of defective presentment and, as a result, in dismissing Count

IV.[4] Because G & B had presented sufficient evidence on the issue of negligent misrepresentation to send the count to the jury, there must be a new trial on that count.

*So ordered.*

---

[4]Other appellate decisions, including *Gilmore* v. *Commonwealth*, 417 Mass. at 719-723, *Wightman* v. *Methuen*, 26 Mass. App. Ct. 279, 282 (1988), *Tambolleo* v. *West Boylston*, 34 Mass. App. Ct. 526, 532-533 (1993), do not control this matter. Although those cases were concerned with the contents of presentment letters, none of those decisions dealt with the question of a possible waiver of defective presentment.