GERALDINE MCALLISTER *vs.* BOSTON HOUSING AUTHORITY.

Suffolk. February 1, 1999. - April 8, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Negligence,* Snow and ice. *State Sanitary Code. Practice, Civil,* Directed verdict, Instructions to jury. *Landlord and Tenant,* Snow and ice, Quiet enjoyment, Habitability, State sanitary code. *Evidence,* Verbal completeness.

In a slip and fall case, the plaintiff was not entitled to a new trial after directed verdicts on her claims that the defendant violated a lease and the covenant of quiet enjoyment, where a jury had found, in the circumstances, that the defendant had not been negligent. [301-302]

At the trial of a negligence action, the judge properly within her discretion allowed certain deposition testimony to be read to the jury under the doctrine of verbal completeness and properly excluded other proffered portions. [302-303]

At the trial of a negligence action, the judge incorrectly prohibited plaintiff's counsel from referring to or introducing in evidence certain provisions of the State sanitary and building codes; however, the error did not require a new trial where the defendant did not dispute its duty to remove snow and ice. [303-304]

At the trial of a negligence action, the judge correctly instructed the jury on negligence and on the weight the jurors should accord the State sanitary and building codes. [304-305]

A natural accumulation of snow and ice is not a defect in property such as would give rise to a claim for breach of the implied warranty of habitability, and on such a claim the defendant's motion for a directed verdict was correctly granted. [305-306]

CIVIL ACTION commenced in the Superior Court Department on September 7, 1995.

The case was tried before *Margaret R. Hinkle,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Chris A. Milne* for the plaintiff.

*Stephen J. Gill* for the defendant.

*Steven H. Schafer & John J. St. Andre,* for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.

ABRAMS, J. The plaintiff, Geraldine McAllister, appeals from a decision allowing the defendant Boston Housing Authority's motion for directed verdicts on claims relating to injuries sustained on the defendant's property and from a jury determination that the defendant was not negligent. We allowed the plaintiff's application for direct appellate review. We affirm.

The plaintiff was a resident of property owned by the defendant. She slipped and fell on ice that had accumulated on exterior stairs on the defendant's property. The plaintiff sued the defendant alleging (1) negligence; (2) breach of the implied warranty of habitability; (3) breach of the covenant of quiet enjoyment; and (4) violation of the lease. After the plaintiff presented her case, the defendant successfully moved for a directed verdict on all but the negligence claim. A jury then found for the defendant on the negligence claim.

1. *Negligence*. At trial, the defendant acknowledged that it had a duty to remove snow and ice. The central issue was whether the defendant was negligent in performing that duty. That issue was sent to the jury and the jury determined that the defendant was not negligent.

"[T]he better procedure in a case in which it is a close question whether the standard for granting a directed verdict is met is to allow the matter to go to the jury. If the judge then decides that the jury's verdict cannot stand, a motion for judgment notwithstanding the verdict may be allowed." *Smith* v. *Ariens Co.*, 375 Mass. 620, 627 (1978), citing *Soares* v. *Lakeville Baseball Camp, Inc.*, 369 Mass. 974, 975 (1976).

We reject the plaintiff's contention that she is entitled to a new trial based on her claims that the defendant violated the lease[1] and the covenant of quiet enjoyment, G. L. c. 186, § 14. Negligence is a prerequisite for recovery under both theories. See *Al-Ziab* v. *Mourgis*, 424 Mass. 847, 850 (1997) (showing of negligence is required for recovery under quiet enjoyment statute); *Anderson* v. *Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 367 (1997) ("a landlord, who agrees in a lease to remove snow and ice and negligently fails to perform that duty

---

[1]The lease agreement between the parties contained a provision whereby the defendant agreed to "[m]aintain buildings and common areas and grounds of the project in decent, safe and sanitary condition in conformity with the requirements of local housing and sanitary codes and applicable [F]ederal and [S]tate regulations[, and r]emove all snow [and] ice . . . from the sidewalks, parking areas and driveways and other common areas . . . ."

may be liable to his tenant"); *Carey* v. *Malley*, 327 Mass. 189, 193 (1951). The jury's determination that the defendant was not negligent precludes the possibility that the directed verdicts on these claims constitute a basis for a new trial. Both the lease and the State code provisions merely restated a duty which the defendant acknowledged. We turn now to issues arising from the trial.

2. *The trial.* (a) *Verbal completeness.* On cross-examination, the plaintiff testified that she did not call the work order center to complain about a recurrent problem of ice on the front stairs. Rather, she spoke to a person in the management office because the work order system was ineffective. Defense counsel then read a portion of her deposition testimony where she stated that she had always received a proper response from the work order center.[2]

On redirect examination, the plaintiff's counsel sought to rehabilitate the plaintiff by introducing other portions of the deposition testimony under the doctrine of verbal completeness. Over the defendant's objection, the plaintiff's counsel was allowed to read the next several lines of the deposition testimony. This testimony described the plaintiff's problems with the work order system. The plaintiff's counsel then sought to introduce additional portions of the plaintiff's deposition testimony, under the doctrine of verbal completeness.[3] The judge sustained the defendant's objection, reasoning that the plaintiff's counsel was required to object, under the doctrine of verbal completeness, at the time the deposition was originally used by the defendant.

---

[2]The plaintiff was asked, "Have you ever contacted the work order center with a request for maintenance and not received a proper response to your request?" The plaintiff answered, "No."

[3]The plaintiff's counsel also argued at trial that the additional portion of the deposition, where the plaintiff had described previous instances of ice accumulation, was admissible as a "prior consistent statement where [defense counsel] rebutted it with prior inconsistent [statements] . . . it's a hearsay exception apart from completeness." She now claims that she was prejudiced when the judge "indicated" that counsel would not be allowed to introduce other deposition testimony on "different evidentiary grounds." According to the plaintiff, the judge "shut down" counsel's attempts to rehabilitate the witness. There was no error.

The prior inconsistent statement used to impeach the plaintiff related to the plaintiff's experience with the work order system, not the accumulation of snow and ice. Contrary to the plaintiff's contention, the judge was within her discretion to limit the use of the deposition to issues raised on cross-examination.

According to the plaintiff, she was prejudiced because the statements introduced by the defendant were taken out of context and the jurors were given a false and misleading impression of a material fact. The plaintiff further contends that the proffered statements would have allowed counsel to rehabilitate the plaintiff.

Under the doctrine of verbal completeness, when one party introduces a written or verbal statement, "the other party may add what has been omitted to give a full picture." *Kobayashi* v. *Orion Ventures, Inc.*, 42 Mass. App. Ct. 492, 498 (1997). The judge's decision to exclude the additional deposition testimony was within her discretion. The plaintiff's counsel read the next several lines of the deposition following those offered by the defendant. This testimony, establishing that the plaintiff had problems with the work order system, was sufficient to complete the "full picture" as raised by cross-examination. See *id.* The portion excluded by the judge appeared a number of pages later in the deposition transcript, and the record does not reflect that the additional proffered testimony explained further the picture painted by defense counsel. See *id.* at 497 ("[Verbal completeness doctrine] does not open the gate for everything in a document or statement. There is always the test of relevance").

We agree with the judge's conclusion that the better practice is to require an objection and contemporaneous introduction of the complete statements when the original statement is offered. That procedure prevents the jury from receiving the statement in a fragmentary manner and also allows the jury to consider the offered statement as a whole, which in turn furthers the "full picture" rationale of the doctrine. See *id.*

(b) *Introduction of the State codes in evidence.* The plaintiff argues that the judge erred by prohibiting her counsel from referring, in his opening statement, to provisions in the State sanitary and building codes, requiring the defendant to keep the stairs free of snow and ice, and from introducing the code provisions in evidence "early in the case."[4] See *Passanessi* v. *C.J. Maney Co.*, 340 Mass. 599, 603-604 (1960). According to the plaintiff, this error requires a new trial because the code provisions had a central place in the case and because the code provi-

---

[4]The State sanitary code and building code require a landlord to keep all exterior stairways "free of snow and ice," 105 Code Mass. Regs. § 410.452 (1997). 780 Code Mass. Regs. § 805.2, recodified at 780 Code Mass. Regs. § 1028.2.

sions were referred to in the lease. The plaintiff asserts that the reading of the relevant portions of the codes during the jury charge was insufficient.

We agree with the plaintiff that the codes were admissible. See *id.* However, the failure to introduce the relevant portions of the codes in evidence does not require a new trial. Although the code provisions established a duty on the part of the defendant to remove snow and ice, the defendant never challenged that it owed the plaintiff that duty. The only issue was whether the defendant violated its duty and that was determined by the jury. Further, the relevant portions of the codes were read to the jurors, and they were instructed properly that a violation of the codes was to be considered as evidence of negligence. Thus, even though the codes were not introduced in evidence, the jurors were aware of them and their significance. A new trial is not warranted based on the failure to introduce the codes in evidence.

(c) *Jury instructions.* The plaintiff complains that the judge erred in instructing the jurors on the weight the jurors should accord the State sanitary and building codes.[5] We disagree.

The judge instructed that a violation of a code provision was to be considered as evidence of negligence, but that "[i]t should not be taken as conclusive of a breach of the duty of care." According to the plaintiff, this instruction required the jurors to find some additional evidence of negligence before they could determine that the defendant was liable to the plaintiff.[6] The plaintiff argues that the judge should have further instructed that jurors have the discretion to determine negligence based solely on a violation of the code.

The judge defined negligence as "the performance or the omission of some act in violation of a legal duty." She instructed that, because the defendant had a duty, the plaintiff was required to show that "the Defendant failed to exercise the . . . amount

---

[5]The plaintiff also argues that the judge erred by not reading a proposed jury instruction stating that the defendant "shall be liable . . . [for] a violation of the State Building Code," citing G. L. c. 143, § 51. There was no error. "[N]one of the benefits of G. L. c. 143, [§ 51] is 'available to persons using stairways and egresses for purposes other than escape from danger from fire.' " *Festa* v. *Piemonte*, 349 Mass. 761, 761 (1965), quoting *Landers* v. *Brooks*, 295 Mass. 344, 348 (1936).

[6]The plaintiff does not argue that a violation of the code is negligence per se. Rather, the plaintiff argues that the instructions failed to convey that a violation of the code is sufficient, in and of itself, to warrant a finding of liability.

of care that a prudent person would exercise [in] the circumstances." She then read from the codes and explained that a violation of a code provision is not conclusive on the issue of liability. Rather, it is evidence of negligence. This instruction is consistent with the language used in *Perry* v. *Medeiros,* 369 Mass. 836, 841 (1976). See *id.,* and cases cited. There was no error.

3. *Implied warranty of habitability.* The plaintiff argues that the judge erroneously granted the defendant's motion for a directed verdict as to the plaintiff's claim of breach of the implied warranty of habitability.[7] According to the plaintiff, the defendant is liable under the implied warranty of habitability for injuries resulting from the failure of the landlord to comply with State sanitary and building code provisions that require the removal of snow and ice. There was no error.

The implied warranty of habitability "is concerned with the provision, maintenance, and repair of the *physical* facilities vital to the use of the leased premises" (emphasis in original). *Doe* v. *New Bedford Hous. Auth.,* 417 Mass. 273, 282 (1994). Not every breach of the State sanitary code supports a claim under the implied warranty of habitability. Rather, the implied warranty of habitability applies to significant defects in the property itself. *Berman & Sons* v. *Jefferson,* 379 Mass. 196, 201-202 (1979) ("A dwelling afflicted with a substantial Sanitary Code violation is not habitable"). See, e.g., *Cruz Mgt. Co.* v. *Thomas,* 417 Mass. 782, 787 (1994) (apartment lacked adequate heat, hot water, and fire escape; was infested with cockroaches, mice, and rats; had unsanitary common areas; and had defective smoke detector, windows, and wiring); *Simon* v. *Solomon,* 385 Mass. 91, 93, 96 (1982) (water and sewage repeatedly flooded apartment); *Crowell* v. *McCaffrey,* 377 Mass. 443, 451 (1979) (defec-

---

[7]The defendant asserts that, even assuming that the plaintiff's alternative claims are meritorious, the plaintiff only filed notice of the negligence claim. G. L. c. 258, § 4. Therefore, the other claims are barred. See *G & B Assocs., Inc.* v. *Springfield,* 39 Mass. App. Ct. 51 (1995). We do not agree. The purpose of the presentment provision is to allow the executive officer "an adequate opportunity to investigate the circumstances surrounding [the] claim." *Weaver* v. *Commonwealth,* 387 Mass. 43, 47 (1982). We conclude that the requirements of § 4 were satisfied. *Gilmore* v. *Commonwealth,* 417 Mass. 718, 723 (1994). The proper authority was placed on notice of the circumstances surrounding the alleged injury. The executive officer had the opportunity to investigate the circumstances of each claim, as all theories of liability argued by the plaintiff were based on the same facts.

tive railing on third-floor porch). The natural accumulation of snow and ice is not such a defect. See *Aylward* v. *McCloskey*, 412 Mass. 77, 79 (1992); *Gamere* v. *236 Commonwealth Ave. Condominium Ass'n*, 19 Mass. App. Ct. 359, 363 (1985). Thus, the directed verdict on the implied warranty of habitability claim was proper.

*Judgment affirmed.*