Doerfer, J.
The plaintiffs, Lawrence Sterling and Virginia Cabrera, bring this action against the Commonwealth of Massachusetts and the Massachusetts State Police (collectively, “the Commonwealth”), as well as against Trooper Anthony Schena, Trooper P.G. Dockery and other State Police personnel, alleging violations of G.L.c. 12, §111 (Count I), violations of 42 U.S.C. §1983 (Count II), intentional infliction of emotional distress (Count III), negligence (Count IV), malicious prosecution (Count V), false arrest and imprisonment (Count VI) and assault and battery (Count VII). The Commonwealth now moves to dismiss those counts against it, Counts I, II, IV and VI. The plaintiffs concede that all these claims, except for the claim for negligent investigation, should be dismissed. For the reasons stated below, the Commonwealth’s motion is ALLOWED IN PART and DENIED IN PART.
BACKGROUND
On January 14, 1997, the plaintiffs were passengers in a car with a third party driver whom the plaintiffs did not previously know. The car was stolen and the driver was on parole. After being followed by a marked state police car, a high speed pursuit ensued.
When the car finally came to a stop, the driver fled from the scene. The plaintiffs, however, remained in the car. Immediately thereafter, several State Troopers approached the car, arrested, handcuffed and transported the plaintiffs to the State Police Barracks where they were held and booked.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn therefrom in the plaintiffs favor. Fairneny v. Savrogran Co., 422 Mass. 469, 470 (1996); Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron. 372 Mass. 96, 98 (1977). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure *546 to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985).
As the plaintiffs have conceded that all of their claims against the Commonwealth except that for negligent investigation should be dismissed, this court shall only consider the negligent investigation claim. In support of its motion to dismiss, the Commonwealth argues, first, that the plaintiffs’ claim for negligent investigation fails because the plaintiffs failed to serve a timely and adequate presentment letter in accordance with G.L.c. 258, §4, and, second, that such claim is barred by G.L.c. 258, § 10(h).
1. Presentment under G.L.c. 258, §4
General Laws chapter 258, §4 states that a civil action may not be instituted against a public employer on a claim for damages under the Massachusetts Tort Claims Act unless the claimant shall have first presented his claim in writing to the public employer within two years after the date upon'which the cause of action arose. This presentment requirement “ensures that the responsible public official receives notice of claim so that the official can investigate to determine whether or not claim is valid, preclude payment of inflated or nonmeritorious claim, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Lodge v. District Attorney for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985).
On January 12, 1999, plaintiffs served the Executive Office of Public Safety with notice of their claims, purportedly in compliance with G.L.c. 258, §4. After outlining the factual background of the incident, the letter stated in part:
Mr. Sterling and Ms. Cabrera have suffered serious bodily harm and emotional distress as a result of the negligence of the Massachusetts State Police, the assault and battery of various troopers upon them, the false arrest and groundless prosecution and the deprivation of civil rights and denial of equal protection of the laws, violations of Massachusetts General Laws chapter 12, Section 111 and Title 42, United States Code, Section 1981 and 1983. Mr. Sterling and Ms. Cabrera demand compensation for the damages caused by the negligent and wrongful acts and omissions of the Commonwealth of Massachusetts and the Massachusetts State Police and its troopers, agents and employees.
Pursuant to the provisions of the General Laws, chapter 258, Section 4, you have six months to accept or deny the claims of Lawrence Sterling and Virginia Cabrera before a civil action is filed.
The Commonwealth contends that this presentment was insufficient as to the claims of negligent investigation and supervision because it fails to allege any facts to put the Commonwealth on notice that plaintiffs were asserting such claims.
While it may be true that presentment must be made “in strict compliance with the statute,” Weaver v. Com., 387 Mass. 43, 47 (1982), the failure to identify in the letter particular acts as negligent is not fatal to a claim for relief under c. 258. Doe v. Town of Plymouth, 825 F.Sup. 1102, 1111 (D.Mass. 1993). Indeed, it is not necessary that the plaintiff even identify all of its claims, so long as defendant is sufficiently apprised of the circumstances surrounding the alleged injury. McAllister v. Boston Housing Authority, 429 Mass. 300, 305 n.7. (1999). In McAllister, the court noted that though the plaintiffs presentment letter set forth claims only for negligence, this was sufficient to put the defendant on notice of other claims, such as for breach of the implied warranty of habitability. In finding that the requirements of §4 were satisfied, the court emphasized, “The proper authority was placed on notice of the circumstances surrounding the alleged injury. The executive officer had the opportunity to investigate the circumstances of each claim, as all theories of liability argued by the plaintiff were based on the same facts.” Id.
Likewise, in the case at bar, the Commonwealth was properly and duly put on notice of the factual background that underlies each of the plaintiffs’ claims,' regardless of the theory of liability. In addition, the presentment letter informed Commonwealth that the plaintiffs would be bringing both intentional tort and negligence claims against it based on the allegedly false arrest and imprisonment. In other words, the letter was “not so obscure that educated public officials should find themselves baffled or misled with respect to” the plaintiffs’ assertion of claims for negligent investigation and supervision. Gilmore v. Com., 417 Mass. 718, 723 (1994).[2]
2. G.L.c. 258, § 10(h)
The Commonwealth also asks the court to dismiss plaintiffs’ negligent investigation claim on the grounds that such a claim is barred by G.L.c. 258, § 10(h). This provision bars as against the Commonwealth:
any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, . . .
Id. (emphasis added).
In their complaint, the plaintiffs allege the defendants “were negligent in investigating the facts of the case and in failing to exercise reasonable care for the protection of citizens by the selection, training and supervision of its police personnel.” In Carleton v. Framingham, 418 Mass. 623 (1994), the Supreme Judicial Court addressed a case in which the plaintiffs *547 alleged negligence on the part of a police department in failing to conduct a threshold investigation and place a known intoxicated person in protective custody in order to prevent him from committing a crime. In finding the town immune from liability, the Carleton Court noted that “clause (h) seeks to immunize a municipality when the criminal acts of a third person are a cause of a plaintiffs harm, and the police were negligent in not preventing that criminal conduct.” Id. at 629.
In this case, the plaintiffs do not allege that the Commonwealth was negligent in investigating or preventing crime and, as a result, the plaintiffs were harmed by a third party. Rather, the plaintiffs allege that the Commonwealth was negligent in investigating the cause of the crime and because of this negligence, the Commonwealth itself harmed the plaintiffs by inappropriately taking them into custody and holding them against their will. The plaintiffs are contesting the internal investigative techniques of the Commonwealth, which resulted in them being wrongfully imprisoned, rather than alleging the negligent investigation on the part of the police led to the plaintiffs being harmed by some third party. Section 10(h) does not address situations such as this, and it is inappropriate to dismiss the plaintiffs’ claim for this reason.
ORDER
For the foregoing reasons, it is hereby ORDERED the Commonwealth’s motion to dismiss be ALLOWED as to Counts I, II and VI and DENIED at to Count IV, the negligence claim.

Contrast Tambolleo v. West Boylston, 34 Mass.App.Ct. 526 (1993), in which the presentment letter described only an assault by a police officer of the defendant town, but the complaint against the town alleged negligent supervision and training and infliction of emotional distress. The court found the presentment letter inadequate both because it alleged no claim arising from the town’s actions and because it alleged only an intentional tort for which a claim would be explicitly barred by G.L.c. 258, §10(c). See also Richardson v. Dailey, 424 Mass. 258, 262 (1997) (presentment letter insufficient as against the city where the letter only mentions conduct on the part of Commonwealth employees and does not mention any claims against the city). Here, neither of these factors exist. The plaintiffs’ presentment letter alleged wrongdoing by the Commonwealth and the State Police Department, as well as by the individual troopers, and contained claims for both intentional torts and negligence.