Haggerty, J.
The plaintiffs Phyllis and Jack Monderer brought this action against the Defendant City of Newton (“the City”), arising out of an accident that occurred on January 28, 1999, at the Newton South High School in Newton, Massachusetts. Phyllis Monderer (“Mrs. Monderer”) has asserted a negligence claim (Count I), and Jack Monderer (“Mr. Monderer”) has asserted a loss of consortium claim (Count II). The defendant now moves to dismiss Mr. Monderer’s loss of consortium claim pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendant’s motion to dismiss is ALLOWED.
*272 BACKGROUND
The following are the relevant facts alleged in the complaint. On January 28, 1999, at about 9:45 a.m., Mrs. Monderer fell into an open, unguarded orchestra pit in the Newton South High School. As a result, she has suffered a head injury, a post-concussion syndrome, and neck, right arm, and shoulder strain. These injuries have also prohibited her from returning to her daily activities, such as her work and family responsibilities.
On September 10, 1999, Mrs. Monderer’s attorney sent a presentment letter, pursuant to G.L.c. 258, §4, to the defendant, articulating Mrs. Monderer’s injuries and demanding $100,000.00 in damages. The letter did not mention Mr. Monderer’s loss of consortium claim. Mr. and Mrs. Monderer never sent a presentment letter to the defendant with regard to the loss of consortium claim; however, Mrs. Monderer did increase her demand for damages to $150,000.00 before filing her complaint.
Mr. and Mrs. Monderer filed the present complaint alleging both negligence and loss of consortium on August 24, 2001. The City seeks to dismiss the loss of consortium claim, asserting that the plaintiffs failed to abide by the Massachusetts Tort Claims Act presentment requirement.
DISCUSSION
When reviewing a defendant’s motion to dismiss, the court considers only the pleadings. The court also treats all facts alleged in the complaint as true, and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). The court only grants a motion to dismiss if “it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.” General Motor Acceptance Corp., 413 Mass. at 584, quoting Nader v. Citron, 372 Mass. 96, 98 (1997), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The Massachusetts Tort Claims Act requires that a party seeking tort damages against a public employer “shall have first presented his claim in writing to the executive officer of such public employer . . .” G.L.c. 258, §4. Presentment letters are intended to provide the appropriate and responsible public official with sufficient notice so that he may investigate the claim to determine whether it is valid and whether he should attempt to settle. Tambolleo v. West Boylston, 24 Mass.App.Ct. 526, 532 (1993), quoting Lodge v. District Attorney for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985). Presentment letters also help the official attempt to take measures to prevent similar claims from being brought in the future. Id.
According to the Supreme Judicial Court, the loss of consortium claimed by one spouse is independent of the negligence claim by the other spouse. Eyssi v. Lawrence, 416 Mass. 194, 203 (1993), quoting Feltch v. General Rental Co., 383 Mass. 603, 607 (1981). Negligence and loss of consortium actions contain separate legal elements and rely on different sets of facts. Furthermore, a party who proves loss of consortium will be entitled to different remedies than a party who proves negligence. Eyssi, 416 Mass. at 203. Accordingly, a separate presentment letter is required for a loss of consortium claim. Thus, Mrs. Monderer’s presentment, which only notified the defendant of the negligence action, did not give the defendant sufficient notice of Mr. Monderer’s loss of consortium cause of action.
Mr. Monderer argues that McAllister v. Boston Housing Authority, 429 Mass. 300 (1999), supports his assertion that Mrs. Monderer’s presentment letter is sufficient to allow the defendant “an adequate opportunity to investigate the circumstances surrounding [the] claim.” Id. at 305 n. 7, quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). In McAllister, the plaintiff sent a presentment letter that only included notice of a negligence claim. When the plaintiff filed the complaint, she also included a breach of implied warranty of habitability claim. Id. The court held that the executive officer had received sufficient notice of the circumstances through the negligence presentment letter because all the other theories of liability depended on the same facts. Id.
McAllister is distinguishable from the Monderers’ case for two reasons. First, unlike the McAllister in which there was one claimant with two causes of action, in this case there are two claimants who are each asserting a different cause of action. The statute mandates that each claimant must give notice of his individual cause of action. G.L.c. 258, §4. Thus, the one presentment letter that only gave notice of one claimant’s single cause of action that was sufficient in McAllister is insufficient notice for the two plaintiffs’ claims in the case at bar. Second, unlike McAllister, in which the breach of warranty claim depended on the same facts as the negligence claim, Mrs. Monderer’s negligence claim depends on different facts than Mr. Monderer’s loss of consortium claim and may give rise to different damages. Thus, the holding in the McAllister case is not applicable to Mr. Monderer’s case.
Mr. Monderer’s position is not assisted by G&B Assocs., Inc. v. Springfield, 39 Mass.App.Ct. 51 (1995), either. The issue in G&B Assocs., Inc. was whether the defendant had waived its defective presentment defense. In the case at bar, the issue concerns the sufficiency of the actual content of the presentment letter. See G&B Assocs., Inc., 39 Mass.App.Ct. at 55. Thus, G&B Assocs., Inc. is not applicable to Mr. Monderer’s case.
Additionally, Mr. Monderer’s argument that the defendant waived its defective presentment defense is without merit. He never alleged in his complaint that he had made a valid presentment of the loss of consortium claim on the defendant. Hence, there was *273 nothing alleged in the complaint for the defendant to admit or deny as to Mr. Monderer’s loss of consortium claim, making it impossible for the defendant to have waived the defense.
Since Mr. Monderer did not comply with G.L.c. 258, §2, requirements that he provide the defendant with a sufficient presentment letter, this court must dismiss his loss of consortium claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant City of Newton’s motion to dismiss Count II is ALLOWED.