# ARLENE FOX *vs*. THE LITTLE PEOPLE'S SCHOOL, INC.

No. 99-P-635.

Norfolk. January 15, 2002. - April 25, 2002.

Present: JACOBS, GILLERMAN, & McHUGH, JJ.

*Negligence,* Stairway, Violation of regulation. *Regulation. State Building Code.*

In a negligence case in which the plaintiff was injured in a fall on stairs in a building operated by the defendant, the plaintiff was not entitled to amend her complaint to assert a claim for damages arising under G. L. c. 143, § 51, or to an instruction to the jury that a violation of the State building code causing damage to her would require a verdict in her favor, where the plaintiff was not leaving the building because of a fire when she was injured, and where any violations of the building code by the defendant, although evidence of negligence, did not themselves permit recovery under § 51. [579-582]

CIVIL ACTION commenced in the Superior Court Department on February 8, 1996.

A motion for leave to amend the complaint was heard by *Mitchell J. Sikora,* J., and the case was tried before *Nonnie S. Burnes,* J.

*Thomas F. Brady* for the plaintiff.

*Clyde K. Hanyen* for the defendant.

McHUGH, J. Arlene Fox, the plaintiff, was injured when she opened a set of double doors at the end of a corridor in a building operated by the defendant, The Little People's School, Inc. (school), stepped out and fell on a step and landing. She sued the school,[1] contending it negligently maintained the step and landing.

Fox's initial complaint contained only a single count alleging

---

[1]She also sued the building's owner, the Roman Catholic Archbishop of Boston Corp. She voluntarily dismissed that part of the action before trial.

common-law negligence. Subsequently, however, she moved to amend the complaint to assert a claim for damages arising under G. L. c. 143, § 51 (as amended through St. 1993, c. 495, § 35), a statute providing, in part, that "[t]he . . . occupant . . . in control[] of a . . . building shall comply with the provisions of . . . the state building code . . . and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions." A judge of the Superior Court denied her motion, ruling that here, although violation of the building code would be evidence of negligence, a code violation would not, in and of itself, give rise to an action for damages.

When the case came to trial before a different judge, Fox sought an instruction to the effect that a violation of the building code causing damage to her would require a verdict in her favor. The trial judge declined to give that instruction, ruling, like the motion judge, that although violation of a code provision was evidence of negligence, it did not, by itself, provide a vehicle for recovery.[2] Consistent with that ruling, the trial judge told the jury that violation of the code was some evidence of the school's negligence. After deliberating, the jury returned a verdict in the school's favor.

On appeal, Fox seeks reversal of the motion judge's denial of her motion to amend the complaint and a new trial because the trial judge failed to instruct the jury in accordance with her requested instruction. Neither action was error and we affirm.

There is no doubt that violation of a regulation is some evidence of negligence. See *Perry* v. *Medeiros*, 369 Mass. 836, 841 (1976); *Matteo* v. *Livingstone*, 40 Mass. App. Ct. 658, 659 (1996). On its face, G. L. c. 143, § 51, travels beyond use of a regulatory violation as evidence of negligence by stating that, when the building code is involved, a violation that injures someone allows the injured person to recover damages. Arguing

---

[2]The complaint, of course, had not been amended to assert the claim for which Fox sought the instruction. The trial judge did not deny Fox's request for that reason. Had the trial judge elected to give such an instruction, she could have permitted an amendment to the complaint, see Mass.R.Civ.P. 15(b), 365 Mass. 761 (1974), for by then the school was fully aware of Fox's claim that violation of the code entitled her to recovery and the alleged code violations had been explored at trial on the theory that the violations were evidence of negligence.

that § 51 means precisely what it says, Fox points to dictum in *St. Germaine* v. *Pendergast*, 411 Mass. 615, 619 (1992), where the court, citing *Repucci* v. *Exchange Realty Co.*, 321 Mass. 571 (1947), stated that § 51 "can, in appropriate circumstances, provide a basis for civil liability in damages." Later, in *Glidden* v. *Maglio*, 430 Mass. 694, 698 (2000), the court, citing *St. Germaine*, repeated the same statement, also in dictum.[3]

In order to understand the "appropriate circumstances" to which the court referred in *St. Germaine*, however, one has to look at several other cases. The first of those is *Repucci* itself. There, the plaintiffs had been injured by a defective fire escape when attempting to flee a fire in the defendant's building. At the time, G. L. c. 143, § 21, required building owners to keep fire escapes, and "other means of escape from fire," "in good repair and ready for use." *Repucci* v. *Exchange Realty Co.*, *supra* at 572. Chapter 143, § 51, as it then existed, imposed on building owners, and certain others, liability for damages to those injured by a violation of § 21.[4] *Repucci* v. *Exchange Realty Co.*, *supra* at 574.

The plaintiffs' cases in *Repucci* were submitted to the jury on a theory of common-law negligence and on the theory of statutory liability. The jury found for the plaintiffs on both theories and the defendant appealed. After analyzing only the statutory

---

[3]Insofar as § 51 is concerned, *St. Germaine* held that the section did not apply to single-family homes. *St. Germaine* v. *Pendergast*, 411 Mass. at 619. See also *Santos* v. *Bettencourt*, 40 Mass. App. Ct. 90 (1996), which reached the same conclusion in the wake of statutory changes provoked by the original *St. Germaine* opinion and its successor, *St. Germaine* v. *Pendergast*, 416 Mass. 698 (1993). In *Glidden* v. *Maglio*, 430 Mass. at 698-699, the trial judge ruled that the statute was inapplicable to a three-family dwelling. The Supreme Judicial Court, stating that it need not examine the correctness of that conclu- sion, held that the record was devoid of any evidence that the alleged building code violation — failure to secure a building permit before beginning work — had caused the accident. None of these cases mentioned concerns regarding fire safety. See discussion, *infra*.

[4]Section 51 imposed similar liability for violation of §§ 24-28, and 30. Sections 24-27 also dealt with fire safety issues. Section 28 dealt with building inspections and issuance of certificates of occupancy "specifying the number of persons for whom the egresses and means of escape from fire are sufficient." Section 30 required those who made changes to buildings that had been issued a certificate under § 28 to notify a building inspector so that a new inspection could be made. See G. L. c. 143, §§ 24-28, 30, 51, as amended by St. 1943, c. 544, § 3.

claim, the Supreme Judicial Court affirmed in an opinion concluding that "[s]ince the plaintiffs were entitled to go to the jury on the statutory counts, we forbear discussion as to whether there was also a case for the jury on the counts based upon negligence." *Id.* at 579.

*Repucci* thus established the proposition that a statutory cause of action was available to those injured by a building owner's failure to keep "means of escape from fire" "in good repair and ready for use." But in *Festa* v. *Piemonte*, 349 Mass. 761, 761 (1965), the court made it clear that the cause of action was narrow, arising only when the injured person was actually fleeing a fire and providing no path to recovery to one injured while using a stairway or other means of egress for another purpose. In its brief opinion, the court said that "none of the benefits of G. L. c. 143, §§ 21 and 51, is 'available to persons using stairways and egresses for purposes other than escape from danger from fire,' " *ibid.*, and affirmed denial of recovery to a person who was injured when he fell down a set of stairs after adjusting a rooftop television antenna.

Chapter 143, § 21, was repealed by St. 1972, c. 802, § 28. That legislation for the first time created a comprehensive State building code.[5] As part of the legislation, the Legislature modified § 51 so that, in material part, it read as it reads today. See St. 1972, c. 802, § 35. In *McAllister* v. *Boston Housing Auth.*, 429 Mass. 300 (1999), however, the Supreme Judicial Court imported into the new § 51 the fire safety concerns the old statute embodied. *McAllister* involved a claim by a building tenant who was injured when she slipped on ice that had accumulated on the building's exterior stairs. She brought a claim for common-law negligence and, asserting that the icy stairs violated the State building code, also requested a jury instruction under c. 143, § 51, as amended. The court disposed of the statutory issue in the following footnote:

> "The plaintiff also argues that the judge erred by not reading a proposed jury instruction stating that the defendant 'shall be liable . . . [for] a violation of the State Building

---

[5]The same legislation also repealed G. L. c. 143, §§ 24-28, 30. See note 4, *supra.*

Code,' citing G. L. c. 143, § 51. There was no error. '[N]one of the benefits of G. L. c. 143, [§ 51] is "available to persons using stairways and egresses for purposes other than escape from danger from fire.' " *Festa* v. *Piemonte*, 349 Mass. 761, 761 (1965)" (alterations in original).

*McAllister* v. *Boston Housing Auth.*, *supra* at 304 n.5.

Notwithstanding any conclusion we might reach were we writing on a clean slate, controlling cases regard the pedigree of c. 143, § 51, as a limitation on its facially broad language. Accordingly, the "appropriate circumstances" for recovery under § 51 are those in which a violation of the State building code results in an injury to someone fleeing a fire. No fire motivated Fox's exit from the building when she was injured. Consequently, any school violations of the building code, although evidence of negligence, did not themselves permit recovery under c. 143, § 51.

*Judgment affirmed.*