Toomey, J.
INTRODUCTION
This matter is before the court on the Motion to Dismiss presented pursuant to Mass.R.Civ.P. 12(b)(6) by defendants Eugene Markowski, Jr. and Michelle S. Markowski (the Markowskis). Specifically, the Markowskis seek to dismiss Count V of the Amended Complaint by the Intervening Plaintiff Karen Dupont who brings suit individually and as administratrix of the estate of Keith Dupont, Jr. and as next friend of her minor daughter Karin Dupont. Count V alleges a breach of the warraniy of habitability. For the following reasons, the motion is DENIED.
FACTS
The following facts alleged by Karen Dupont’s Amended Complaint are taken as true for the purposes of this motion.
The Markowskis are joint owners as tenants by the entirety of a multifamily dwelling located at 980 Chicopee Street in Chicopee, Massachusetts (the premises). At all relevant times, the Markowskis were in the business of renting units at the premises.
On September 29, 1992, Karina Twombley (Twombley), Karen Dupont’s sister, was a lawful tenant at the premises. Keith Dupont and Karin Dupont, Karen Dupont’s minor children, were guests in Twombley’s apartment. Daniel Bessonette entered Twombley’s apartment by breaking down the rear door of the apartment. Bessonette had gained access to the area immediately outside the rear door by means of an unobstructed rear stairway and an open and common rear passageway or alley that led from the street below.
Having thus gained entry to the Twombley apartment, Bessonette killed Keith Dupont, Jr., Twombley and Jesse Deane Mitchell, Twombley’s boyfriend. Bessonette then killed himself. Karin Dupont witnessed the murders.
The door through which Bessonette gained entrance was not properly maintained as prescribed by the State Sanitary Code and the State Building Code. There was no proper or functioning lock on the door and the construction of the door was not of a sort that provided reasonable securiiy to occupants of the apartment.
DISCUSSION
A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley u. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. 'Whitinsvile Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
In CountV of her Amended Complaint, Karen Dupont has alleged that the Markowskis breached the warranty of habitability, with respect to both the rear common area leading from the street to the apartment and the rear door to the apartment, by their failure to comply with the State Building Code and State Sanitary- Code. More specifically, she alleges that the structural elements of the rear door, including its lock, allowed Bessonette to enter the apartment unimpeded and, once there, to murder the three occupants, including her son, Keith Dupont, Jr. The Markowskis respond that the warranty of habitability extends to tenants only and, therefore, they cannot be liable, in warranty, to the Duponts who were merely lawful guests on the premises at the time in question. For the reasons stated infra, Dupont has the better of the contest.
The liability of a landlord to a tenant for breach of the warranty of habitability is rather firmly established. The Supreme Judicial Court has observed that, “in a rental of any premises for dwelling purposes . . . there is an implied warranty that the premises are fit for human occupation. This means that at the inception of the rental there are no latent [or patent] defects in facilities vital to the use of the premises for residential purposes and that these essential facilities will remain during the entire term in a condition which makes the property livable.” Boston Housing Authority v. Hemingway, 363 Mass. 184, 199 (1973) (citation omitted). “At a minimum, this warranty imposes on the landlord a duty to keep the dwelling in conformity with the State Sanitary Code.” Simon v. Solomon, 385 Mass. 91,96(1982) (citations omitted). A landlord may *46 be held liable not only for economic loss, but also for personal injuries to a tenant caused by a breach of this warranty. Crowell v. McCaffrey, 377 Mass. 443, 450-53 (1979).
Despite the clarity with which the foregoing propositions have been crafted, the Supreme Judicial Court has yet to settle the narrower issue of whether a landlord may be held liable to a nontenant for either economic loss or personal injury as a result of a breach of the warranty of habitability. Nevertheless, such an extension of liability is clearly foreshadowed by analogous decisions of the Court. For example, in Young v. Garwacki, 380 Mass. 162 (1980), the Supreme Judicial Court did away with the common law rule “bar[ring] a tenant’s guest from recovering compensation from a landlord for injuries caused by negligent maintenance of areas rented to the tenant.” Id. at 168. In reaching that conclusion, the Court looked to “[r]ecent decisions of this court [which] clearly reflect ... a shift in philosophy with regard to status distinctions in tort standards of care . . .” Id. at 167, quoting Poirier v. Plymouth, 374 Mass. 206, 221 (1978). Referring to decisions such as Mounsey v. Ellard, 363 Mass. 693 (1973) (eliminating the legal significance, in tort, of the distinctions between a licensee and invitee in connection with a landowner’s duty of care), the Young court reasoned that the rule barring recovery by a nontenant for personal injuries caused by a landlord’s negligent maintenance of areas rented to the tenant ”[l]ike the other rules based on status . . . has prevented a whole class of people from raising the controlling issue: whether the landlord acted reasonably under the circumstances. ” Young, supra at 168. Young also recognized that the line of cases creating and applying the implied warranty of habitability was responsible for eroding the theory on which a tenant’s status classification depends.[6] Id., citing Berman & Sons v. Jefferson, 379 Mass. 196 (1979); Crowell v. McCaffrey, supra, and Boston Housing Authority v. Hemingway, supra.
Similarly, this court sees no imperative to preserve status classifications in lawsuits wherein one seeks recovery for personal injuries resulting from a breach of the warranty of habitability.[7] The Markowskis’ motion to dismiss is DENIED.
ORDER
For the foregoing reasons it is hereby ORDERED that the motion by defendants Eugene Markowski and Michelle S. Markowski to dismiss Count V of the intervening plaintiffs’ Amended Complaint is DENIED.

The court gave another indication it would favor elimination of a distinction based on the plaintiffs’ status when it noted that the rule that a landlord still “should not be liable in negligence unless he knew or reasonably should have known of the defect and had a reasonable opportunity to repair it” may be alien to actions for injuries resulting from breach of the implied warranty of habitability. Young, at 170, fn. 9.

This conclusion is in line with §17.6 of the Restatement (Second) of Property, Landlord and Tenant (1977), which states that “ [a] landlord is subject to liability for physical harm caused to the tenant and others upon the leased property with consent of the tenant... by a dangerous condition . . . if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of ... an implied warranty of habitability." (Emphasis added.)