Sosman, J.
Plaintiffs Doris and Howard Egeniauf have brought the present action complaining of slip and fall injuries sustained while visiting premises owned by defendants Alma and Stuart Brown. Plaintiffs’ original complaint stated causes of action for negligence and loss of consortium. On April 3, 1995, plaintiffs moved to amend their Complaint to add a claim for breach of warranty of habitability. The motion to amend was denied. Plaintiffs have now filed a Motion for Reconsideration, arguing that there is recent case law to support their assertion that a warranty of habitability extends to guests on the premises. Defendants have moved for summary judgment on the original negligence claims. For the following reasons, the Motion for Summary Judgment is DENIED and, on reconsideration, the Motion to Amend Complaint is also DENIED.
Facts
On the evening of December 30, 1991, Doris Egeniauf was visiting the defendants at their home on Perkins Street in Worcester. She had visited defendants’ residence about five to six times per week throughout the year. On December 31, 1991 at approximately 3:00 a.m., Alma Brown escorted Doris Egeniauf to the door leading to a rear deck. The rear deck was illuminated by a spot light. Plaintiffs claim that melting snow had dripped from the porch roof above and had created an unnatural accumulation of ice on the deck and steps. Plaintiffs further claim that the angle of the spotlight created a glare that prevented Doris Egeniauf from seeing or appreciating the dangerousness of the ice. Doris Egeniauf fell at the top of three steps which led from the rear deck to a rear pathway. The steps had no railing, but there is a railing on the edge of the deck itself. Doris Egeniauf broke her leg in the fall.
Plaintiffs claim that defendants were negligent in failing to remedy the alleged unnatural accumulation of ice on the deck and steps, by aiming the spotlight in such a way as to create a glare, and by failing to install a handrail along the three steps.
Discussion
I. Defendants’ Motion for Summary Judgment
Summary judgment shall be granted- where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The parties dispute whether there was any ice or snow on the deck and steps at the time of plaintiffs accident. The parties also dispute whether the rail along the edge of the deck was or was not sufficient protection for someone travelling down the three steps. The parties further dispute the extent to which plaintiffs consumption of alcohol was a significant factor contributing to her fall. These disputes of material fact clearly preclude summary judgment.
II. Plaintiffs’ Motion to Amend Complaint
Beyond their claim in negligence, plaintiffs seek to add a count for breach of warranty of habitability. A *60 warranty of habitability is implied in any lease of residential property. Boston Housing Authority v. Hemingway, 363 Mass. 184, 199 (1973). In cases whereatenant has been injured as a result of the landlord’s failure to maintain the leased premises in accordance with minimal standards for human habitation, the tenant may pursue both a claim for negligence and a contract claim for breach of the warranty of habitability. The warranty is part of the lease contract and, like any other term in the contract, liability may be imposed for that breach.
In the present case, however, there is no lease or any other contractual relationship between the Browns and the Egenlaufs. Doris Egenlauf was simply a social guest visiting the Browns’ private home. The Browns had a duty to maintain the premises in a reasonably safe condition as part of the duty owed to all visitors. Transforming that duty into a “warranty” in the absence of any underlying contract into which the warranty could be implied would be an inappropriate blurring of contract principles and tort principles.
Plaintiffs point to a recent Superior Court case, Mitchell-Gionet v. Markowski, Civil Action No. 93-0903 (Worcester Super. Ct., November 9, 1994) [3 Mass. L. Rptr. 45], in support of their position. In Mitchell-Gionet, a child was killed while visiting premises leased by his aunt from the defendant landlords. An intruder, who had allegedly gained access via an unsecured back entrance, had killed the tenant, the tenant’s boyfriend, and the tenant’s nephew. The mother of the murdered child brought an action against the landlords, including in her complaint a claim for breach of the warranty of habitability. The landlords moved to dismiss, arguing that the warranty only extended to the actual tenant, not to the tenant’s guests or relatives. The court (Toomey, J.) denied the motion, effectively extending the warranty from the tenant to the tenant’s lawful guests.
Assuming that MitcheR-Gionet was correctly decided, it does not avail plaintiffs in the present case. Under MitcheR-Gionet, the Browns would have contract liability for breach of warranty of habitability to their tenant and to lawful guests of their tenant. Doris Egenlauf was not a tenant, nor was she a guest of any tenant. Whether the implied warranty that unquestionably runs to a tenant does or does not extend to that tenant’s guests (a question as yet unaddressed by any Massachusetts appellate court), there is no warranty given to anyone in the present case. The Browns have no contractual relationship with the Egenlaufs, nor any contractual relationship with someone who invited Doris Egenlauf onto the property. Plaintiffs here are not merely asking the court to extend an existing warranty to them, but asking the court to invent the very existence of the warranty in the first place. The Browns owed Doris Egenlauf the ordinary tort-based duty of reasonable care, but there is no contractual duty that extends to her.
Accordingly, the Motion to Amend will be denied as futile, as the amended count fails to state a claim on which relief can be granted.
ORDER
For the foregoing reasons, it is ORDERED that defendants’ Motion for Summary Judgment be DENIED and, on reconsideration, that plaintiffs’ Motion to Amend Complaint be DENIED.