Borenstein, J.
This is an action that arises, in part, out of a claim that defendant Margot Hampe (“Hampe”) breached the Warranty of Habitability, and for which the plaintiff John Sullivan (“Sullivan”) seeks damages for the injuries he sustained as a result of said breach. Hampe filed a motion to dismiss this count based on three independent legal theories. For the reasons set forth below, defendant’s motion is ALLOWED.
BACKGROUND
On or about April 4, 1992 the plaintiff was a guest in Unit 311, 340 Main Street, Melrose, Massachusetts. The defendant Hampe is the owner and landlord of this unit. While at the unit, the plaintiff was scalded by hot water from the bathtub fixture and suffered severe physical injuries, resulting in the amputation of his right foot.
Plaintiff then brought a complaint against various parties, including Hampe. One count of the complaint alleges that defendant Hampe breached the warranty of habitability by not maintaining the premises in a habitable condition and allowed a dangerous condition to exist on the premises.
In her motion to dismiss defendant Hampe argues that (1) the warranty of habitability does not extend to guest of a tenant; (2) Chapter 183A precludes the assertion of a warranty claim because the injuries involved the common area of the condominium; and (3) there is no evidence to support a finding that there was a breach of warranty at the time of the letting or that Hampe received notice of any alleged code violation. The court reaches its decision based on the first of the three arguments and will therefore not address the latter two.
DISCUSSION
The court, when evaluating a motion to dismiss, must accept as true all allegations of the complaint and all reasonable inferences which may be drawn from the complaint, in the plaintiffs favor. Rae v. Air Speed, Inc., 386 Mass. 187 (1982). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.” (Citations omitted.) Nader v. Citron, 372 Mass. 96, 98 (1977). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
BREACH OF WARRANTY OF HABITABILITY
“In a rental of any premises for dwelling purposes, under a written or oral lease, for a specified time or at will, there is implied a warranty that the premises are fit for human occupation.” Boston Housing Authority v. Hemmingway, 363 Mass. 184, 199 (1973). The lease that exists is essentially a contract between the land *292 lord and the tenant, thus the claim for breach of warranty is contractually based. See. Id. “The essential objective of the warranty is to make sure that the tenant receives what he is paying for.” Berman & Sons, Inc. v. Jefferson, 379 Mass. 196, 202 (1979). The intent of the legislature was to ensure that the tenant was protected. Therefore, the court finds that such a claim can not be extended to noncontracting parties, including guests of a tenant.
Though the Supreme Judicial Court has allowed guests of tenants to bring negligence claims against landlords for their failure to use reasonable care to repair areas in a tenant’s control, this court finds that such a claim is distinguishable from the claim at bar. A negligence claim brought by a guest is not a claim arising from a contractual relationship. This alone distinguishes it from a breach of warranty claim.
The court in Young v. Garwacki did not address claims for breach of warranty. It stated that they were doing away with the ancient law that bars a tenant’s guest from recovering compensation from a landlord for injuries caused by negligent maintenance of areas rented to the tenant. Id. 380 Mass. 162 (1980). The court notes that there have been no Supreme Judicial Court rulings extending the right to sue for breach of warranty to guests.[1]
ORDER
For the reasons set forth above, the defendant Hampe’s motion to dismiss the breach of warranty claim is ALLOWED.

 Though the court in Mitchell-Gionet v. Markowski held that the decedent-guest’s estate was entitled to pursue a breach of warranty claim, this court must respectfully disagree with that finding, based at least on the facts of the case at hand. Id.Id. 3 Mass. L. Rptr. 45 (1994).