Agnes, Peter W., J.
The plaintiff, Russell Brooks (Brooks), seeks damages from the defendant, John Manzaro (Manzaro), for injuries suffered when Brooks slipped and fell on an accumulation of snow and ice outside an apartment building owned by Manzaro. Brooks alleges counts of negligence, breach of the implied warranty of habitability, and violation of G.L.c. 93A. The matter is now before the court on Manzaro’s motion for summary judgment.
In support of his motion, Manzaro contends that: (1) the ice was a natural accumulation for which recovery is not allowed; (2) a natural accumulation is not a defect that violates the implied warranty of habitability, nor do the State Sanitary Code or Building Code apply; and (3) no demand letter was sent as required by chapter 93A. After consideration, and for the reasons set forth below, Manzaro’s motion for summary judgment is ALLOWED IN PART and DENIED IN PART.
*32 BACKGROUND
The court summarizes the relevant facts, which are taken from the summary judgment record in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
On December 16, 2003, Brooks was walking in the parking lot of an apartment complex located at 57 Valley Street, Spencer, Massachusetts, when he slipped and fell on an accumulation of snow and ice. The ice where he fell was uneven, cracked, and rutted, and there were footprints and tire tracks frozen into it. At the time of the accident, Brooks was a tenant of the premises and Manzaro was the property’s owner and operator. The day before the accident, Brooks had spoken with Donald Pelletier, the site manager, about the unsafe condition of the parking lot. As a result of the fall, Brooks suffered a severe ankle fracture that required surgery and impaired his ability to walk.
DISCUSSION
I. Summary Judgment Standard
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively showing that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Bailey, 386 Mass. at 370-71.
II. Analysis A. Negligence
A “natural accumulation” of ice and snow is not considered a “property defect” and failure to remove it does not constitute a violation of the landowner’s duty of reasonable care to those lawfully on his premises. Sullivan v. Brookline, 416 Mass. 825, 827 (1994) Liability may attach, however, to “unnatural accumulations” of snow and ice where “some act or failure to act has changed the condition of naturally accumulated snow and ice, and elements alone or in connection with the land become a hazard to lawful visitors.” Aylward v. McCluskey, 412 Mass. 77, 80 n.3 (1992). However, snow shoveling alone is generally not sufficient to convert a natural accumulation into an unnatural accumulation. If an individual is “injured by slipping and falling on snow and ice that remains after shoveling or plowing, that alone is not grounds for a finding of negligence.” Sullivan, 416 Mass. at 827-28. See, e.g., Goulart v. Canton Hous. Auth., 57 Mass.App. 440, 443 (2003) (incomplete snow removal that removes snow but leaves a layer of ice is not grounds for a finding of negligence when someone slips and falls). Likewise, piling snow uphill of a walkway onto which it then melts and refreezes is not grounds for a finding of negligence in Massachusetts. See Cooper v. Braver, Healey & Co., 320 Mass. 138, 139-40 (1946).
Landowners have been held liable for unnatural accumulations when there was evidence that “human activity . . . rather than the prevailing weather conditions, caused the area where the plaintiff fell to become hazardous.” Athas v. United States, 904 F.2d 79, 82 1st Cir. 1990). For example, an accumulation may be unnatural, and thus actionable, where the snow and ice is altered by vehicle or pedestrian traffic and the owner knew or should have known of the hazardous condition. See Phipps v. Aptucxet Post No. 5988 V.F.W. Bldg. Ass’n, 7 Mass.App.Ct. 928, 929 (1979) (duty attached where there were “footprints ... and ruts like automobile tire tracks that had been frozen,” and the conditions were left unaddressed).
Brooks testified in his deposition that the ice in the parking lot was “very rough, there was [sic] footprints frozen into it, tire tracks frozen into it, and just a general uneven surface.” Additionally, he indicated that the day prior to his fall he had spoken with the site manager of the apartment complex about the hazardous conditions in the parking lot. The parties disagree as to precisely when and to what extent the parking lot had been plowed at the time of the accident. Further, there is a material dispute over whether the icy conditions contributing to the fall were the result of recent precipitation or whether they were the remnants of a storm two days earlier.
In sum, Brooks has introduced evidence, by way of his own testimony, from which a jury could reasonably conclude that the ice on which Brooks slipped was no longer in its natural state. Brooks’ description of the ice where he fell and his testimony that he notified the site manager of the treacherous conditions create a genuine issue of material fact as to whether the ice was an “unnatural accumulation” attributable to human activity, and if so, whether Manzaro breached his duty of reasonable care in failing to address the problem.

B. Breach of Implied Warranty of Habitability

“[T]he implied warranty of habitability is concerned with the provision, maintenance, and repair of the physical facilities vital to the use of the leased premises.” Doe v. New Bedford Hous. Auth., 417 Mass. 273. 287 (1994) (emphasis in original). The implied warranty applies to significant defects in the property *33 itself. McAllister v. Boston Hous. Auth., 429 Mass. 300, 305 (1999). While a natural accumulation of ice and snow is not such a defect, id. at 306, the Supreme Judicial Court has not foreclosed the possibility that an unnatural accumulation may qualify as one. See Aylward, 412 Mass. at 80 n.3.
Although Brooks points out, quite correctly, that an unnatural accumulation could in principle support the application of the implied warranty, the warranty extends only to significant defects that pertain to “the physical maintenance and repair of a dwelling unit” and affect its “fit(ness) for human occupation.” See Doe, 417 Mass. at 280-81. A parking lot outside an apartment building is not a facility essential to the use of the dwelling unit itself nor is the condition of the parking lot relevant to the dwelling’s “fitness for human occupation” in the way that the condition of a structure physically appurtenant to the building would be. Cf. Ruiz v. Pelson Realty Trust, 2001 WL 810347 at *5 (Essex Super.Ct., April 9, 2001) (Agnes, J.) [13 Mass. L. Rptr. 346] (holding that the implied warranty of habitability applies to significant defects that make an exterior staircase leading to an apartment building unusable or dangerous).
Though there is a genuine issue of material fact as to whether the ice on which Brooks fell was an unnatural accumulation, the court finds as a matter of law that the parking lot where Brooks fell is not a facility within the scope of the implied warranty of habitability. Therefore, Manzaro is entitled to summary judgment on this count.
C. G.L.c. 93A
Manzaro also moves for summary judgment on Brooks’ chapter 93A claim, alleging that Brooks failed to send a proper demand letter and that, therefore, dismissal of the claim is required. G.L.c. 93A, §9(3); Boston v. Aetna Life Ins. Co., 339 Mass. 569, 574 (1987). Brooks does not dispute Manzaro’s fatal claim that Brooks failed to send a demand letter. Because Brooks has not responded with facts that would establish the existence of a genuine issue for trial on his chapter 93A claim, Manzaro is entitled to summary judgment on this count. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED with respect to the plaintiffs negligence count, and ALLOWED with respect to the plaintiffs counts for breach of the implied warranty of habitability and violation of chapter 93A.