Inge, Garry V., J.
On February 26, 2007, Yanitzia Cortes (Cortes) was leasing an apartment from the Clinton Housing Authority (Authority) at 29 Lakeside Avenue in Clinton. This action arises out of a slip and fall she sustained that morning on the icy walkway in front of her apartment, which resulted in a fractured *466 ankle. Cortes brought this action against the Authority on February 8, 2010 alleging negligence, breach of the implied warranty of habitability, and violation of G.L.c. 176D and G.L.c. 93A.[1] Before the court is the Authority’s Motion to Dismiss Cortes’s claims for breach of the implied warranty of habitability and violation of G.L.c. 176D and G.L.c. 93A.[2]
The Authority contends that Cortes has failed to make proper presentment of her breach of the implied warranty of habitability claim under the Massachusetts Tort Claims Act (MTCA). Pursuant to the MTCA, Cortes, through counsel, sent the Authority a formal claim letter on May 13, 2008. The letter stated that Cortes fell on an unnatural accumulation caused by the Authority’s negligence as it failed to have any drain pipes to direct runoff away from the walkway and failed to adequately salt or sand the walkway. As the facts upon which Cortes bases her breach of the implied warranty of habitability claim were presented in her notice of a negligence claim, that notice satisfies the presentment requirements under the MTCA with respect to both claims. See McAllister v. Boston Hous. Auth., 429 Mass. 300, 305 n.7 (1999) (finding that tenant’s notice of negligence claim against the Boston Housing Authority for injuries sustained on ice-covered exterior steps satisfied the MTCA with regard to alternative claims for breach of implied warranty of habitability, breach of the covenant of quiet enjoyment, and violation of lease, even though tenant did not file notice of those claims, where each theory of liability was based on same facts).
The Authority further argues that Cortes has failed to state a claim for breach of the implied warranty of habitability because the warranty does not extend to the walkway outside her apartment. “(T]he implied warranty of habitability is concerned with the provision, maintenance, and repair of the physical facilities vital to the use of the leased premises .. .” Doe v. New Bedford Hous. Auth., 417 Mass. 273, 282 (1994). The complaint states that, on the morning of the incident, Cortes “walked out of her apartment and walked outside onto the front walkway . . .” It cannot be said that the walkway, so described, is not a physical facility vital to the use of Cortes’ apartment as a matter of law. See Ruiz v. Pelson Realty Trust, 2001 WL 810347 at * 5 (Mass.Super. 2001) [13 Mass. L. Rptr. 346] (holding that an exterior staircase leading to an apartment building was vital to the use of the apartment). Compare Brooks v. Manzaro, 2008 WL 5146863 at * 3 (Mass.Super. 2008) [25 Mass. L. Rptr. 31] (holding that a parking lot outside an apartment building was not a facility essential to the use of the dwelling unit itself nor was the condition of the parking lot relevant to the dwelling’s “fitness for human occupation” in the way that the condition of a structure physically appurtenant to the building would be).[3]
Finally, the Authority contends that Cortes has failed to state a claim under either G.L.c. 176 or G.L.c. 93A for unfair claim settlement practices because neither statute applies to the Authority in the circumstances of this case. General Laws c. 176D, §2, proscribes unfair methods of competition and unfair or deceptive acts or practices “in the business of insurance.” As it is an entity whose creation, organization, and operation is a product of statute, G.L.c. 12 IB, it is prohibited thereby from operating at a profit, G.L.c. 121B, §32, first par., and its legislative mandate is to provide housing projects for families of low income, G.L.c. 121B, §26(e), the Authority is not in the business of insurance. See Poznik v. Massachusetts Med. Prof'l Ins. Ass’n, 417Mass. 48, 51 (1994) (“[T]hebusiness of insurance involves profit driven business decisions about premiums, commissions, marketing, reserves and settlement policies and practices” [internal quotation marks omitted]). As such, Cortes may not recover for unfair claim settlement practices under either G.L.c. 176D or G.L.c. 93A. See Morrison v. Toys “R” Us, Inc., Mass., 441 Mass. 451, 457 (2004) (“G[eneral] L[aws] c. 93A applies only to actions taken in the course of‘trade or commerce,’ . . . and has never been read so broadly to establish an independent remedy for unfair or deceptive dealings in the context of litigation, with the statutory exception as to those ‘engaged in the business of insurance’ ” [citation omitted]).
ORDER
For the forgoing reasons, it is hereby ORDERED that the Authority’s Motion to Dismiss is ALLOWED with respect to Cortes’ claim for violation of G.L.c. 176D and G.L.c. 93A and DENIED with respect to her claim for breach of the implied warranty of habitability.

 On June 25, 2010, the court (Tucker, J.) allowed Cortes’ Emergency Motion to Amend Complaint to Include Assertion of “Presentment” and Cortes filed her First Amended Complaint.

 The Authority also moves, in the alternative, to enforce a settlement of $250.00 (and an accompanying release of claims) agreed to by Cortes on October 2, 2007. The court finds that enforcement of this settlement would be unconscionable in light of the severity of Cortes’ injury, her limited ability to use and understand the English language, and her lack of legal representation during “negotiations.” Therefore, the Authority’s Motion to Enforce the Settlement Agreement is DENIED.

 Moreover, the court finds that Cortes’ allegations plausibly suggest an entitlement to relief for breach of the implied warranty of habitability. “[I]n the rental of a dwelling unit.. . [there is] an implied agreement by the landlord that the rented unit complies with the minimum standards prescribed by ... [the] [S]anitaiy [C]ode[] and that he will do whatever th[at] code[ ] require[sj for compliance during the term of the renting.” Crowell v. McCaffrey, 377 Mass. 443, 451 (1979). Pursuant to the Sanitary Code, an owner must keep means of egress, such as the walkway at issue in this case, in safe, operable condition at all times, e.g., free of snow and ice. See 105 Code Mass. Regs. §410.452. While violation of the Sanitary Code is not a per se violation of the implied warranty of habitability, McAllister, 429 Mass, at 305, whether a particular violation makes the premises “uninhabitable” and constitutes a breach of the implied warranty is a question for the jury. Boston Hous. Auth. v. Hemingway, 363 Mass. 184, 200-01 (1973).